IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAURICE L. BIGELOW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:13CV377 |
| ) | |
| REUBEN F. YOUNG, ) | |
| ) | |
| Respondent. ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a document titled as a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. The Petition was originally filed in the Eastern District of North Carolina and transferred to this Court. A review of the Petition shows that, even though Petitioner has not used the correct forms for a habeas corpus petition under 28 U.S.C. § 2254, it appears that Petitioner seeks to attack his state court criminal conviction. The document he has filed is not a recognizable method for achieving this goal. Generally, Petitions pursuant to § 2241 challenge the execution or computation, as opposed to the validity or legality, of the conviction or sentence. Instead, the proper avenue for an attack on a conviction by a person in state custody is ordinarily a petition for habeas corpus under 28 U.S.C. § 2254. For this reason, the Court will construe the submission as a habeas corpus petition under § 2254. Nevertheless, the Petition cannot be further processed for the following reasons:

1. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[1] The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this Petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a petition. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition. The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 8th day of May, 2013.

                                                         Joe L. Webster
                                            United States Magistrate Judge

-3-

Case 1:13-cv-00377-CCE-JLW Document 2 Filed 05/08/13 Page 3 of 3